## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### (St. Louis)

| | | |
|---|---|---|
| IN RE: CELEXA AND LEXAPRO | : | MDL DOCKET NO. 1736 |
| PRODUCTS LIABILITY LITIGATION | : | ALL CASES |

### MDL PRETRIAL ORDER FOR REMANDED CASES AND
### SUGGESTION OF REMAND

To assist transferor courts following remand of the cases listed in Exhibit A, this MDL Pretrial Order describes pertinent events that have taken place to date in MDL 1736. A copy of this MDL Pretrial Order, along with the case files and materials, will be available to the transferor courts.

### I. INTRODUCTION

On February 16, 2006, the Judicial Panel for Multidistrict Litigation ("JPML" or "Panel") designated this Court as the transferee court for all cases making allegations relating to Celexa or Lexapro and the occurrence of suicide or suicidal thinking or behavior.[1]

During the pendency of this MDL, fifty-seven cases were transferred to this Court. Of those, thirty-two cases were settled by agreement. An additional eleven cases were dismissed by this Court on various bases. The thirteen cases that remain are identified in Exhibit A. Finally, *Drewry v. Forest Laboratories, Inc.*, Case No. 4:06-cv-717-RWS was remanded after the Court concluded it did not fall within the scope of this MDL.[2]

---

[1] The JPML's transfer order is attached as Exhibit B.
[2] *See*, Doc. No. 376. *Drewry* involved allegations that Celexa/Lexapro caused birth defects, as opposed to suicidality.

Based on the parties' assertions, I am satisfied that MDL 1736 has matured sufficiently to warrant remand of all cases remaining in this MDL. Accordingly, I submit this Suggestion of Remand to the JPML to facilitate the prompt remand of the cases identified in Exhibit A by the JPML to the transferor courts for further proceedings, including additional case-specific discovery, pretrial motion practice, and final disposition. This MDL Pretrial Order, along with any supplements and amendments, is designated as the Final MDL Pretrial Order in all cases in Exhibit A for which the Panel issues an Order for Remand.

## II.  BACKGROUND[3]

### A. Practice and Procedure Orders

The primary orders governing the pretrial management of MDL 1736 are a series of Orders, described in more detail below, I issued dealing with practice and procedure and both generic and case-specific discovery.

### B. Lead and Liaison Counsel

By a Memorandum and Order I issued on March 28, 2007, I approved the Joint Proposed Practice and Procedures Order Upon Transfer ("PPO").[4] Pursuant to the PPO, I appointed Lead and Liaison Counsel for plaintiffs and defendants to manage the litigation on behalf of the parties, and set out the responsibilities of Lead and Liaison Counsel.[5]

Plaintiffs' Lead and Liaison Counsel have changed since the inception of the MDL. Initially, the following were appointed to the noted positions:[6] Harris Pogust of Pogust, Braslow & Millrood – Lead Counsel; Andy Vickery of Perdue, Kidd & Vickery –

---

[3] All references to docket numbers are to the general docket for MDL 1736 (4:06-md-01736-RWS), unless otherwise specified.

[4] Doc Nos. 151 and 158.

[5] Doc. No. 151.

[6] *Id.*

Lead Trial Counsel; and, Christopher Coffin of Pendley, Baudin & Coffin – Liaison Counsel. Subsequently, on December 7, 2010, plaintiffs moved to modify the PPO, and on December 8, 2010[7], I amended the PPO and appointed Christopher Coffin of Pendley, Baudin & Coffin, L.L.P., and Andy Vickery of Vickery, Perdue, Kidd & Vickery, as Co-Lead Counsel in this MDL, replacing Harris Pogust of Pogust, Braslow & Millrood.

### C. Status Conferences

Since the inception of MDL 1736, I have held multiple status conferences with Lead and Liaison counsel to discuss issues related to the litigation. There have also been numerous additional conferences to consider special matters.

### D. Common Benefit Fund

On July 14, 2010, plaintiffs' then lead counsel, Harris L. Pogust, and then plaintiffs' liaison counsel, Christopher L. Coffin, filed a motion with this Court to establish a Common Benefit Fund. On September 9, 2010, this Court entered an Order establishing a Common Benefit Fund.[8] That Order established the amounts from settlements to be held back and placed into the Common Benefit Fund, requirements regarding where and how the Common Benefit Fund should be maintained, and that disbursements from the Common Benefit Fund required this Court's approval. To date, $816,600.00 has been deposited in the Common Benefit Fund. Of that amount, $799,886.29[9] has been disbursed from the Common Benefit Fund pursuant to the following:

---

[7] Doc. No. 525.

[8] Doc. No. 485.

[9] Plaintiffs' counsel indicates that $797,207.29 has been distributed in attorney common benefit fees. Additional monies have been distributed for bank fees, the return of an initial deposit made by Pogust, Braslow and Millrood, and a refund of $2,000.00 that was inadvertently paid by Forest.

3

(1) December 17, 2010 – Order Permitting Withdrawal and Disbursement of Common Benefit Fund totaling $146,236.56.[10]

(2) March 16, 2011 - Order Permitting Withdrawal and Disbursement of Common Benefit Fund totaling $640,170.73.[11]

(3) December 7, 2012 – Order approving Plaintiffs' Co-Lead Counsel's Supplemental Unopposed Motion for a Disbursement of The Common Benefit Fund totaling $10,800.00.[12]

As of the date of this MDL Pretrial Order, $16,713.71 remains in the Common Benefit Fund pursuant to the representation of plaintiffs' Co-Lead Counsel. After remand of the cases listed in Exhibit A, the Common Benefit Fund shall continue to be maintained for the purpose of finalizing two settlements that were reached during the pendency of this MDL.[13] This Court shall retain jurisdiction over the Common Benefit Fund for the sole purpose of authorizing the final disbursements from the Common Benefit Fund and then the closing of the Common Benefit Fund. Plaintiffs' Co-Lead Counsel has confirmed that all counsel with any interest in the Common Benefit Fund have agreed that, except for the cases identified in footnote 13, no other cases shall be subject to my September 9, 2010, Order [Doc. No. 485]. Consequently, the requirements set forth in this Court's September 9, 2010, Order shall not apply to any cases except for the cases identified in footnote 13, and Forest shall have no obligation to transfer any funds to the Common Benefit Fund in relation to any other cases.

### E. Bellwether Trials

This Court did not conduct any bellwether trials.

---

[10] Doc. No. 535.
[11] Doc. No. 572.
[12] Doc. No. 637.
[13] Those two cases are *Estevez v. Forest Laboratories, Inc., et al.*, Case No. 4:07-cv-01800-RWS, which was part of this MDL, and *Rappa v. Forest Laboratories, Inc., et al.*, Supreme Court of New York, New York County, Index No. 100663/09, which is subject to the Common Benefit Fund by virtue of my September 9, 2010, Order [Doc. No. 485].

## III. DISCOVERY

At the outset of the litigation, I had the Clerk of the Court establish a master docket in MDL 1736 that contains motions and orders applicable to all cases. Motions and orders applicable to specific, individual cases also were filed in the master docket.

I have issued multiple orders, along with several supplements and amendments, which governed the pretrial discovery in this litigation. They include:

- The PPO articulating general policies and procedures for MDL 1736 in relation to filings, hearings, organization of parties, and applicable local rules.[14]

- Memorandum and Order governing document discovery.[15]

- An Agreed Protective Order.[16]

- Memorandum and Order regarding ECF registration.[17]

- Memorandum and Order establishing guidelines governing common benefit funds.[18]

- Memorandum and Amended Case Management Order authorizing the start of case-specific fact discovery, a deadline for plaintiffs to copy all hard drives, and establishing a deadline by which the parties were to agree on a proposed fact sheet.[19]

- Memorandum and Order regarding briefing on the cost issues associated with the forensic imaging of plaintiffs' computer hard drives, followed by the Agreed Order with my signature as to forensic examination cost-sharing.[20]

- Various orders related to the deposition of Howard Solomon, Forest's President and Chief Executive Officer.[21]

---

[14] Doc. Nos. 151 and 158.
[15] Doc. No. 64.
[16] Doc. No. 50.
[17] Doc. No. 142.
[18] Doc. No. 485.
[19] Doc. No. 197.
[20] Doc. Nos. 288 and 294.
[21] Doc. Nos. 621 and 648.

### A. Generic Fact Discovery

#### 1. Document Discovery

Plaintiffs have conducted document discovery against defendants. To facilitate document production and review, pursuant to my Order[22], defendants established a document depository in Morristown, New Jersey, where documents were produced, stored, and reviewed. The depository contains over two million pages produced by defendants. By agreement, defendants supplemented their production at the depository with productions of clinical trial documents, FDA submissions, and custodial files of witnesses plaintiffs deposed. I also entered orders regarding the confidentiality of documents produced in the litigation and the sharing of costs and expenses associated with document discovery.[23]

#### 2. Deposition of Generic Fact Witnesses

As part of general discovery applicable to all cases, plaintiffs deposed four 30(b)(6) representatives of Forest on topics selected by plaintiffs. They also deposed the President and CEO of Forest, Howard Solomon.

The parties have indicated, and the Court concludes, that general fact discovery as to Forest is complete. In addition, all general fact and general expert discovery applicable to all cases has been completed. Therefore, transferor courts need not be concerned with facilitating general expert, general corporate and general third-party discovery unless plaintiffs make a compelling request. The Court authorizes Forest to take down the document depository, which has been available to plaintiffs for more than five years. Forest will take reasonable steps to maintain the computer terminals and the

---

[22] Doc. No. 64.
[23] Doc. Nos. 50 and 64.

production media (hard drives, CDs, DVDs if applicable) supplied to the depository. The parties and the Court do not contemplate any further use of the computer terminals or the production media supplied to the depository and those materials shall be accessed only for compelling reasons.

### B. Case-Specific Fact Discovery

#### 1. Case-Specific Fact Discovery of Plaintiffs

##### a. Plaintiff Fact Sheets

Plaintiffs have completed agreed upon Fact Sheets in all the remaining cases.

##### b. Depositions

Most of the plaintiffs in the cases to be remanded have been deposed. In many of the cases, treating physicians, spouses, and other family members also have been deposed. Remaining case-specific fact discovery will be conducted in the transferor jurisdictions.

#### 2. Case-Specific Fact Discovery of Defendants

Plaintiffs propounded upon defendants case-specific written discovery, in a document plaintiffs described as a Case Profile Form. Those Case Profile Forms have been completed by defendants and served on plaintiffs. Plaintiffs also deposed multiple Forest sales representatives. Remaining case-specific fact discovery will be conducted in the transferor jurisdictions.

## IV. ADDITIONAL ACTIVITIES TO BE COMPLETED BEFORE REMAND OR TO BE COMPLETED FOLLOWING REMAND

The cases listed in Exhibit A are ripe for remand since plaintiffs have completed general discovery from defendants. According to the parties, the plaintiff's deposition has been taken in most of these cases, and, in many cases, the prescribing physician and

other fact witnesses were deposed as well. Although these cases require additional case-specific depositions and pretrial motions, that can be done in the transferor courts.

Expert discovery and *Daubert* briefing on both general causation and warning experts has been completed. The experts the parties intend to rely upon in relation to general causation and warnings should be limited to those experts identified by the parties in these proceedings absent a compelling request.

Plaintiffs identified Dr. David Healy as their sole general causation expert and Dr. Michael Hamrell as their sole warnings expert. Forest deposed Drs. Healy and Hamrell and moved to exclude the testimony of both Dr. Hamrell and Dr. Healy. I denied both motions.[24]

Forest identified Dr. Stephen Stahl and Dr. John Concato as general causation experts and Dr. David Feigal as its warnings expert. Plaintiffs opted not to depose Forest's expert witnesses and plaintiffs should not be allowed to depose them in subsequent proceedings in relation to any opinions those experts offered in their Rule 26 reports in this case. Any *Daubert* motions plaintiffs intended to file in relation to the experts Forest designated should have been filed in this MDL, and the transferor courts should not entertain such motions to exclude those experts in subsequent proceedings in the transferor courts. Case-specific experts have not been identified. They should be identified, prepare Rule 26 reports, and be deposed in the transferor courts, where any challenge to their qualifications or opinions should occur.

I have not considered motions based upon federal preemption. I have been advised that defendants intend to file such motions. Such motions are dependent upon the status of labeling at the time of an individual plaintiff's use of the product at issue.

---

[24] Doc. Nos. 651 and 652.

8

Accordingly, I have determined that such motions present case-specific issues more appropriately handled in the transferor courts.[25]

## V.   DOCUMENTS TO BE SENT TO TRANSFEROR COURT

After receiving the Final Remand Order ("FRO") from the JPML, the Clerk of the Court will issue a letter to the transferor courts, via email, setting out the process for transferring the individual cases listed in the FRO. The letter and certified copy of the FRO will be sent to the transferor court's email address.

If a party believes that the docket sheet for a particular case being remanded is not correct, a party to that case may, with notice to all other parties in the case, file with the transferor court a Designation Amending the Record. Upon receiving a Designation Amending the Record, the transferor court may make any needed changes to the docket. If the docket is revised to include additional documents, the parties should provide those documents to the transferor court.

## VI.   CONCLUSION

This Order does not expand or modify any previous order of the Court, and I may modify or supplement any part of this Order as it appears appropriate.

**IT IS SO ORDERED this 26th day of July, 2013.**

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE

---

[25] Doc. No. 654.

HAVE SEEN AND AGREED,

*/s/ Christopher Coffin*
Christopher Coffin, Esq.
PENDLEY, BAUDIN & COFFIN, LLP
PO Drawer 71
Pendley Law Firm
Plaquemine, LA 70764
(225) 687-6396 phone
(225) 687-6398 fax
ccoffin@pbclawfirm.com
**Co-Lead Counsel for Plaintiffs**

*/s/ John R. Ipsaro*
John R. Ipsaro, Esq.
Joseph P. Thomas, Esq.
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5004 phone
(513) 698-5005 fax
jipsaro@ulmer.com
jthomas@ulmer.com
**Counsel for Defendants**

CIN2000 977670v6
27172.00001

## EXHIBIT A

| Missouri Eastern Case Number | Case Style | Transferor Court | Transferor Court Case Number |
|---|---|---|---|
| 4:06-cv-00672-RWS | *Bennett v. Forest Laboratories* | USDC Middle District of Florida, Ft. Myers | 2:06-cv-00072-VMC-DNF |
| 4:06-cv-00684-RWS | *Steubing, et al. v. Forest Laboratories* | USDC District of South Carolina, Charleston Division | 2:05-cv-01573-CWH |
| 4:06-cv-00726-RWS | *Ilich v. Forest Laboratories, Inc., et al.* | USDC Western District of Washington, Seattle Division | 2:05-cv-00667-RSL |
| 4:06-cv-00762-RWS | *Cross, et al. v. Forest Laboratories* | USDC Northern District of Mississippi | 1:05-cv-00170-MPM-SAA |
| 4:06-cv-00950-RWS | *Shipley v. Forest Laboratories* | USDC Central District of Utah | 1:06-cv-00048-PGC |
| 4:06-cv-01098-RWS | *Higgins v. Forest Laboratories* | USDC Western District of Virginia | C.A. No. 5:07-54 |
| 4:06-cv-01812-RWS | *Hill v. Forest Laboratories, Inc.* | USDC Southern District of Mississippi, Hattiesburg Division | 2:06-cv-00244-KS-MTP |
| 4:07-cv-01800-RWS | *Estevez v. Forest Laboratories, Inc., et al.* | USDC District of New Jersey | 1:07-cv-02945-RMB-JS |
| 4:07-cv-00230-RWS | *Baldwin v. Forest Laboratories, Inc.* | USDC District of New Jersey | 2:06-cv-04689-DRD-MCA |
| 4:07-cv-00582-RWS | *Muzichuck v. Forest Laboratories, Inc., et al.* | USDC Northern District of West Virginia, Clarksburg Division | 1:07-cv-00016-IMK |
| 4:11-cv-01473-RWS | *Oliver v. Forest Laboratories, Inc., et al.* | USDC Southern District of Ohio, Western Division | 1:11-cv-00511-HJW |
| 4:11-cv-00172-RWS | *Simmons-Brill, et al. v. Forest Laboratories, Inc., et al.* | USDC Central District of California, Western Division | Cv11-00157 GHK |
| 4:11-cv-00516-RWS | *Shah, et al. v. Forest Laboratories, Inc., et al.* | USDC Northern District of Illinois | 1:06-cv-08163 |

A CERTIFIED TRUE COPY

FEB 16 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1736*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE CELEXA AND LEXAPRO PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of four actions in the Southern District of New York and one action each in the District of Idaho, Northern District of Mississippi, District of New Jersey, District of North Dakota, Western District of Oklahoma, District of South Carolina, and Western District of Washington as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Forest Laboratories, Inc., and Forest Pharmaceuticals, Inc. (collectively Forest) for coordinated or consolidated pretrial proceedings of the actions in the Southern District of Mississippi. All responding plaintiffs support centralization in some form, but plaintiffs suggest alternative transferee districts, with varying degrees of support, including the Northern District of Mississippi, District of New Jersey, Southern District of New York, Western District of Oklahoma, District of South Carolina, and Western District of Washington. Certain plaintiffs also argue that the Western District of Oklahoma action (*Dobbs*), which names an additional pharmaceutical company as a defendant, should be excluded from any transfer order. That defendant, Wyeth Pharmaceuticals (Wyeth), likewise opposes transfer of the claims against it in the Western District of Oklahoma action, but does not otherwise oppose the motion for transfer of the claims against Forest. Wyeth asks the Panel to separate the claims against it in the *Dobbs* action from those asserted against Forest and remand the claims against Wyeth for continued proceedings in the Western District of Oklahoma.

On the basis of the papers filed and hearing session held, the Panel finds that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and

---

[1] The Panel has been notified of two related actions pending, respectively, in the Middle District of Florida and the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Also, the Section 1407 motion before the Panel pertained to another action – *Janice Kemp, etc. v. Forest Laboratories, Inc., et al.*, S.D. Mississippi, C.A. No. 3:04-704 – which is now closed; accordingly, the question of Section 1407 transfer with respect to the action is now moot.

- 2 -

efficient conduct of this litigation. All actions before the Panel assert claims against one or both of the Forest defendants arising from ingestion of Celexa or Lexapro. Specifically, the actions share allegations relating to the safety of Celexa or Lexapro and the adequacy of Forest's warnings concerning the possible adverse effects of using the drugs, in particular, the potential for each product to induce its users to commit, or attempt to commit, suicide. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. The Panel is persuaded, however, that claims against Wyeth involving a prescription drug other than Celexa or Lexapro in the Western District of Oklahoma *Dobbs* action do not share sufficient questions of fact with claims against Forest regarding its drugs to warrant inclusion of the claims against Wyeth in the MDL-1736 proceedings.

Given the geographic dispersal of constituent actions, no district stands out as the focal point for this nationwide docket. By centralizing this litigation in the Eastern District of Missouri, we are assigning this docket to a jurist experienced in complex multidistrict litigation and sitting in a centrally located district with the capacity to handle this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407(a), claims in *Annabel Dobbs, etc. v. Forest Laboratories, Inc., et al.*, W.D. Oklahoma, C.A. No. 5:04-1762, against Wyeth relating to a prescription medication other than Celexa or Lexapro are separated and simultaneously remanded to the Western District of Oklahoma.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1736 -- In re Celexa and Lexapro Products Liability Litigation

#### District of Idaho

*Dan Henrikson, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-121

#### Northern District of Mississippi

*Ella May Cross, et al. v. Forest Laboratories, Inc.*, C.A. No. 1:05-170

#### District of New Jersey

*Raymond P. Badyna, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-4711

#### Southern District of New York

*William Manning, et al. v. Forest Laboratories, Inc.*, C.A. No. 1:05-6438
*Terry Johns, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-6439
*Ashley Smith v. Forest Laboratories, Inc.*, C.A. No. 1:05-6941
*Randy Cline, etc. v. Forest Laboratories, Inc.*, C.A. No. 1:05-7644

#### District of North Dakota

*Michael S. Rust, et al. v. Forest Laboratories, Inc., et al.*, C.A. No. 4:05-80

#### Western District of Oklahoma

*Annabel Dobbs, etc. v. Forest Laboratories, Inc., et al.*, C.A. No. 5:04-1762

#### District of South Carolina

*Daniel Steubing, et al. v. Forest Laboratories, Inc.*, C.A. No. 2:05-1573

#### Western District of Washington

*Lois Ilich, etc. v. Forest Laboratories, Inc., et al.*, C.A. No. 2:05-667